# FAYETTE COUNTY,

## September Term, 1796.

### CHARLES LARSH *v.* HANNA LARSH.

T H E cafe on a writ of partition was thus .—*Paul Larfh* was feized in fee of an eftate in *Fayette* county. By his firft wife, he had iffue *Charles,* the plaintiff. By his fecond and furviving wife, he had iffue *Hanna,* the defendant. He made his will, on 17th *November,* 1792, devifing one third of his land to his wife, during her widowhood ; one third to his fon *Charles,* in fee-fimple ; and one third to his daughter *Hannah,* in fee-fimple ; and his wife's third, after her death or marriage, to them alfo in fee-fimple, to be equally divided between them : provided alfo, that, if he fhould have more children, they fhould be equal fharers, notwithftanding the former bequeathments. He died 11th *April,* 1793. In *Auguft,* 1793, *John Larfh,* a pofthumous fon, was born, who died in *Auguft,* 1794, during the widow-hood of his mother.

On this cafe, the following queftions were fubmitted to the opinion of the prefident.

1. Whether the eftate devifed was in joint-tenancy, or in common ?

2. If the former, will not the fhare of *John* be equally divided between *Charles* and *Hannah,* as furvivors ? If the latter, does not fuch fhare veft exclufively in *Hannah?*

*2 P. Wms.*
*741.*

*Campbell,* for the plaintiff. In a will, where the intention is plain, it will control the legal operation of the words.

*Leffee of Kerlin v. Bull.*
*Dall. 175.*
*Anon. Dall.*
*20.*

A devife of lands to a fon, when he arrives at the age of twenty-one years, to hold to him, his heirs and affigns forever, is a vefted devife ; and if, after the death of his father, the fon die under age, inteftate, unmarried, and without iffue, his mother furviving, the eftate devifed fhall not go to his eldeft brother, as heir at common law, but be equally diftributed among his brothers and fifters.

The act of 23d *March*, 1764, directs, that the estate of children dying inteſtate, in their minority, unmarried and without iſſue, ſhall be equally divided among the ſurviving children. This obviates any objection, derived from *John* the deceaſed child's being born of a ſecond wife ; for it embraces all the ſurviving children, more eſpecially, when the eſtate (as in the preſent caſe) is derived from one common anceſtor.

*Young*, for the defendant. The poſthumous ſon of the teſtator in the caſe ſtated was particularly provided for in the will ; and became entitled to one-third of the land by purchaſe as deviſee. The act of aſſembly entitles a poſthumous child, not provided for by will, to ſuch part of the eſtate as if the father had died inteſtate.

*John Larſh* became ſeized of an eſtate of inheritance in the land, ſubject to the common rules of deſcent.— *Charles* and *Hannah* are clearly ſeveral deviſees, and not joint tenants ; for no benefit of ſurvivorſhip is mentioned, and the words " to be equally divided between them," imply a tenancy in common, and relate to the whole eſtate. Joint tenancy is not favoured in the law : The poſthumous ſon was to take in the ſame manner ; and whatever may be reaſonable, or however the teſtator *may have* intended, his intention can be looked for only in the will. Any intention not found there cannot be preſumed. If any ſuch intention could be preſumed, it would be in favour of the youngeſt and moſt helpleſs.

If *John Larſh* had a veſted eſtate, ſubject to the common rules of inheritance, it muſt go to his ſiſter *Hannah*, as heir at law of the whole blood.

PRESIDENT. On the queſtions propoſed, my opinion is—

1. That either by the will, or by the act of aſſembly, this was not a joint tenancy.

2. There might have been room to doubt whether the act of aſſembly was not applicable only to lands derived from an inteſtate father. However this may have been ; ſince the caſe of *Kerlin v. Bull*, it appears, that, by the act of aſſembly, the ſon *John* having died inteſtate, in his minority, unmarried and without iſſue, the eſtate deſcending to him from his father is to be equally divided among the ſurviving children of his father.

X 4

1796.
*Dall. St. L. App. 47.*

1 *Dall. St. L. App. 48.*

*Dall.* 175.